

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable F. L. Massie
County Auditor
Wilbarger County
Vernon, Texas

Dear Sir:

Opinion No. O-827
Re: Will property owners former-
ly residing in a portion of
a common school district be
required to continue paying
an ad valorem tax to that
district in addition to school
taxes for the independent
school district to which
their property was annexed?

We received your letter of November 7, 1939, in
which you request our opinion on the following question:

"If the City of Vernon annexes the greater
portion of the Town of West Vernon, will the
property owners situated in the annexed terri-
tory be required to continue to pay the ad val-
orem tax of $1.00 to the remnant of the common
school district in addition to the taxes they
will be required to pay in support of the school
system of the City of Vernon."

Article 2804, Revised Civil Statutes of Texas,
the constitutionality of which was upheld by the Commission
of Appeals in the case of City of Houston vs. Tod, 276 S. W.
419, provides that:

"Whenever the limits of any incorporated
city or town constituting an independent school
district are so extended or enlarged as to em-
brace the whole or any part of any independ-
ent or common school district adjacent to such
incorporated city or town, that portion of such
adjacent district so embraced within the cor-
porate limits of such incorporated city or town
shall thereafter become a part of the independ-
ent school district constituted by such incor-
porated city or town.

"If within the portion of such district so
embraced there should be situated any real pro-
perty belonging to such district, such city or
town may acquire the same upon such terms as may
be mutually agreed upon between the governing

body of such city or town and the authorities of such district.

"This article shall not apply where it shall be determined at an election held within such city or town by majority vote of those voting thereon that the territory or any portion thereof to be so embraced shall not thereby become a part of the independent school district constituted by such city or town, but shall be taken into the city limits for municipal purposes only, and shall remain for school purposes a portion of the adjacent independent or common school district as though said city limits had not been extended."

We assume from your question that the taxes to be levied for the support of the independent school district will be for maintenance and the proposed annexation will be for school as well as municipal purposes.

The extension of the city limits ipso facto extends the limits of the independent district so as to include the portions of the territory of other school districts taken into the city, and the other territory is, for school purposed within the city limits. 37 Texas Jurisprudence 677.

Taxes are "equal and uniform" within the Constitution when no person or class of persons in the territory taxed, is taxed at a higher rate than others in the same district upon the same values or thing and when the objects of taxes are the same by whomsoever owned or whatever they be. Westherly Independent School District vs. Hughes, C.C.A. 41 S. W. (2d) 445; Norris vs. City of Waco, 57 Tex. 685.

After the boundaries of a district have been changed, the district may not assess property that lies beyond its limits and, in turn, enforce the charges thus fixed. Eldorado Independent School District vs. Tisdale, Com. App., 3 S. W. (2d) 420. Taking a certain portion of the common school district out of that district and incorporating the portion that has been annexed in the Vernon Independent School District, automatically releases such portion from any taxes which might thereafter be levied by such common school district of which it is no longer a part. That portion of the common school district incorporated into the Vernon Independent School District will be required only to pay the same maintenance tax as the rest of that district. Hill vs. Smithville Independent School District, C. C. A. 239 S. W. 987.

In our opinion your question should be answered in the negative.

Very truly yours
ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Assistant

By /s/ Hirschie Johnson

APPROVED NOV. 20, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

H.J:LM:jrb

APPROVED OPINION COMMITTEE
BY BWB, Chairman